UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    No. 4:22-cr-00010-CEA-CHS-5 |
| | ) |
| JOSHUA BROWN | ) |

## MEMORANDUM AND ORDER

JOSHUA BROWN ("Defendant"), came before the Court for an initial appearance on April 10, 2023, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Second Amended Petition for Warrant for Offender Under Supervision [Doc. 38] (the "Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Dan Ripper to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Scott Winne explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested a preliminary hearing, but waived the detention hearing.

The Court conducted a preliminary hearing on the same date. The Government relied upon the sworn Petition as well as the testimony of USPO Brent Basham. Following the hearing, the Court found that probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release. The Court further finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further Order of this Court.

1

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to the United States District Judge a proposed Agreed Order with respect to an appropriate disposition of the Petition.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before the United States District Judge.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE